9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Jay STERLING, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-3377.
 United States Court of Appeals, Tenth Circuit.
 Oct. 29, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff David Jay Sterling, a federal prison inmate, filed this action seeking damages pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), 2671-2680. Plaintiff claims that while housed in the United States Penitentiary at Leavenworth, Kansas, he sustained injuries in an alleged assault which could have been prevented but for the negligence of prison officials.[2]
 
 
 3
 The district court, applying the standards set forth in the FTCA and Kansas negligence law, granted the government's motion for summary judgment. The court determined that plaintiff did not present evidence that his injuries were
 
 
 4
 caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 5
 28 U.S.C. 1346(b); see Gilger v. Lee Constr., Inc, 820 P.2d 390, 400 (Kan.1991)(setting forth the elements required to prove a cause of action for negligence in Kansas).
 
 
 6
 We review a grant of summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Our review of the pleadings and exhibits supports the district court's determination that the government is entitled to judgment as a matter of law. Therefore, after careful consideration of the record and the parties' arguments, we affirm for substantially the reasons stated in the district court's Memorandum and Order dated September 29, 1992.
 
 
 7
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 As a result of this incident, plaintiff was reported and charged with fighting. Following a disciplinary hearing on June10, 1988, plaintiff was found guilty of the charge. Plaintiff brought a Bivens-type civil rights action pursuant to 28 U.S.C. 1331, claiming constitutional violations in the circumstances surrounding the investigation and hearing. In a companion case, Sterling v. Blout, No. 93-3096, this court affirmed plaintiff's appeal of the district court's grant of summary judgment to defendants on his 1331 action